IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSE MARIE HOSSLER, as Administrator of the Estate of TERRY HOSSLER, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   CIVIL NO. 04-4076-GPM |

## ORDER

**MURPHY, Chief District Judge:**

The Court heard arguments on Defendant's pending motions on April 2, 2007. For the reasons set forth on the record at the hearing and below, Defendant is entitled to summary judgment.

## BACKGROUND

Plaintiff Rose Marie Hossler, as administrator of the Estate of Terry Hossler, has brought this medical malpractice action against the United States. Specifically, Plaintiff alleges that Defendant's agent, (Dr. Michael Petith, VA Hospital, Marion), negligently perforated her husband's esophagus while conducting an esophageal dilation.

While performing this procedure, Dr. Petith encountered esophageal cancer in Mr. Hossler that had gone previously undetected, and which had resulted in his esophagus being in a weakened state. As a result of the perforation, Mr. Hossler required several additional surgeries, and according to Plaintiff, the perforation and the additional surgeries ultimately caused his death.

Plaintiff has brought a four-count complaint as follows: Count I-Survival action, Count II-Wrongful Death, Count III-Survival action-Res Ipsa Loquitur, and Count IV-Wrongful Death-Res Ipsa Loquitur. Defendant's motions for summary judgment are discussed below.

## ANALYSIS

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In considering a summary judgment motion, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party. *Schneiker v. Fortis Ins. Co.,* 200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park,* 195 F.3d 333, 337-38 (7th Cir. 1999). In evaluating a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Defendant has moved for summary judgment on the ground that Plaintiff has no expert to establish medical negligence. Generally, in a medical negligence action, a plaintiff must establish with expert testimony the standard of care against which a defendant's conduct should be measured. *Cassady v. Hendrickson*, 486 N.E.2d 1329, 1334-1335 (Ill.App.1985) (*citing Walski v. Tiesenga*, 381 N.E.2d 279, 283 (Ill.1978)) (*other citations omitted*). Plaintiff must then show by affirmative evidence that in light of that standard, Defendant's conduct was negligent, and that the negligence caused an injury. *Cassady,* 486 N.E.2d at 1336 (*citing Borowski v. Von Solbrig*, 328 N.E.2d 301, 305 (Ill.1975)).

Here, Plaintiff argues that no expert is required because the doctrine of res ipsa loquitur applies. Specifically, Plaintiff argues that an esophageal perforation does not normally occur in the absence of medical negligence. In other words, Plaintiff argues that the perforating instrument was in the sole control of Dr. Petith, and that the perforation would not have occurred unless Dr. Petith made some mistake in handling the instrument.

Res ipsa loquitur is a type of circumstantial evidence doctrine which allows the trier of fact

to infer negligence if Plaintiff shows: (1) an occurrence of a nature which ordinarily does not happen absent negligence; (2) the instrumentality was within Defendant's control and Defendant's actions proximately caused the injuries; and (3) the injury was not due to Plaintiff's actions, (i.e., there was a lack of contributory negligence). *Cassady,* 486 N.E.2d at 1336 (*citing Spidle v. Steward*, 402 N.E.2d 216 (Ill.1980)) (*other citations omitted*).

When a plaintiff relies on the doctrine of res ipsa loquitur, the Court must determine whether the doctrine applies. *Gatlin v. Ruder*, 560 N.E.2d 586, 590 (Ill.1990) (*citing* Ill.Rev.Stat.1987, ch. 110, par. 2-1113). In making this determination, the Court shall:

> rely upon either the common knowledge of laymen, if it determines that to be adequate, or upon expert medical testimony, that the medical result complained of would not have ordinarily occurred in the absence of negligence on the part of the defendant. Proof of an unusual, unexpected or untoward medical result which ordinarily does not occur in the absence of negligence will suffice in the application of the doctrine.

*Gatlin,* 560 N.E.2d at 590 (*citing* Ill.Rev.Stat.1987, ch. 110, par. 2-1113).

Plaintiff asks this Court to rule that as a matter of course, perforation of the esophagus simply does not occur in the absence of medical negligence. Here, however, the evidence is to the contrary. For example, Dr. Coordes, the physician who repaired the perforation testified that based on his review of the medical records of Dr. Petitih's procedure, as far as he could tell, "nothing was outside the standard of care." In addition, it is undisputed that during the dilation procedure, Dr. Petith encountered esophageal cancer that had previously gone undetected in Mr. Hossler. It is also undisputed that the cancer had weakened Mr. Hossler's esophagus to a condition that possibly made it more vulnerable than otherwise to a puncture or a perforation.

Plaintiff argues that whether an esophageal perforation would occur in the absence of

negligence is within the ordinary common knowledge of laymen. For support, she cites *Cassady v. Hendrickson*, 486 N.E.2d 1329 (Ill.App.1985). *Cassady*, however, is easily distinguishable because it involved the administration of a cleansing enema which resulted in a rectal tear. Besides the fact than an enema is a much simpler, and far more common procedure than an esophageal dilation, *Cassady* also noted that there was an issue of fact as to whether the medical assistant who administered the enema did so with excessive force. Finally, unlike this matter, where the presence of cancer had possibly weakened Mr. Hossler's esophagus, in *Cassady*, there was no evidence of any rectal abnormality that could have contributed to the rectal tear. *Cassady v. Hendrickson*, 486 N.E.2d at 1337. For these reasons, *Cassady* is unhelpful.

Plaintiff also cites *Newman v. Spellberg*, 234 N.E.2d 152 (Ill.App.1968). *Newman*, however, is also distinguishable because it involved a gastroscopic procedure. After the procedure, but while the gastroscope was still in the patient's body, the doctor lifted the patient's torso to nearly a sitting position to demonstrate something to a medical intern. The patient later testified that he had experienced pain in his back, and that the pain occurred at the time the doctor lifted him. In addition, the patient described the location of the pain as the same spot in his body where the gastroscope had punctured his esophagus. *Newman*, 234 N.E.2d at 154. Under these circumstances, *Newman* found that no expert testimony was required because there was sufficient evidence with which to infer negligence that was understandable by a lay jury. Specifically, *Newman* states: "To us it is plain common sense and common knowledge that . . . injury would probably be sustained when an excessive or unnatural pressure was put upon his torso by lifting it against the force attempting to hold it in place." *Newman*, 234 N.E.2d at 158. Clearly, nothing of the sort has been alleged here, thus, *Newman* is also unhelpful.

Although no Illinois court appears to have addressed the issue, a few courts have done so in other jurisdictions. Several courts have found that an esophageal perforation, in and of itself, does not give rise to an automatic inference of possible negligence, and that expert testimony is necessary to assist the jury in determining whether negligence occurred during such a procedure. *See e.g., Moore v. Gaston Mem. Hosp., Inc.*, 616 S.E.2d 692 (N.C.App. 2005) (unpublished disposition) (The average juror would not, based on that juror's common knowledge or experience, be able to infer whether the perforation of plaintiff's esophagus was the result of a negligent act. Expert testimony would be necessary for the average juror to determine whether negligence occurred); *Hanzlik v. Paustian*, 318 N.W.2d 712 (Neb.1982) (*citations omitted*) (Court did not believe, under the evidence and circumstances of the case, that the recognition of alleged negligence during an esophageal dilation may be presumed to be within the comprehension of laymen); and *Mason v. Ellsworth,* 474 P.2d 909 (Wash.App.1970) (The mere fact of perforating the esophagus during such an examination does not imply negligence on the part of the examiner).

As aptly noted in *Mason*,

> To permit an inference of negligence under the doctrine of res ipsa loquitur solely because an uncommon complication develops would place too great a burden upon the medical profession and might result in an undesirable limitation on the use of operations or new procedures involving an inherent risk of injury even when due care is used.

*Mason,* 474 P.2d at 914 (*quoting Louie v. Chinese Hosp. Ass'n*, 57 Cal.Rptr. 906, 914 (1967)).

Here, the evidence before the Court does not support Plaintiff's position that perforation of the esophagus during an esophageal dilation does not occur unless someone was negligent. Indeed, the evidence is to the contrary. Under the evidence and circumstances of the case, the Court simply cannot find that the common knowledge of laymen is adequate to make a proper determination of

whether medical negligence occurred during Dr. Petith's dilation of Mr. Hossler's esophagus.

Based on the above, expert testimony is required for Plaintiff to proceed with her case. Defendant's motions for summary judgment are granted.

## **CONCLUSION**

Defendant's motions for summary judgment (Docs. 40,50) are **GRANTED**. Plaintiff's claims are **DISMISSED**. A separate Judgment shall accompany this Order.

**IT IS SO ORDERED.**
DATED:  April 13, 2007.

                          *s/G. Patrick Murphy*
                          G. PATRICK MURPHY
                          Chief United States District Judge